Ramírez de Isern, Appellant *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Denying Admission to Record of a Possessory Title.

No. 332.—Decided November 16, 1917.

Possessory Title—Record of Title—House Built on Municipal Lot.—A proceeding to prove possession as owner of a house built on a lot belonging to a municipality which has not been recorded as a separate property in the registry is not recordable, for inasmuch as the land is the principal and the building its accessory, the house cannot be recorded unless the lot has been first recorded.

SEGREGATION OF PROPERTY—RECORD OF TITLE.—According to the present system of recording titles to property, when a parcel is segregated from the main property it becomes a separate property and as such is recorded anew in the registry.

The facts are stated in the opinion.

Mr. *Andrés Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Luisa Ramírez de Isern instituted proceedings in the municipal court of Caguas to prove her possession as owner of a house built on a lot of the municipality of Caguas. It is alleged in the petition that the lot is a part of a property of 81 acres which is recorded in the registry in the name of the said municipality. The proceedings were finally approved by the court and presented in the registry for record, which was refused for the following reasons:

"(1) The occupancy of the lot by the building of the said house constituting a real right of use or usufruct and the lot forming part of a property of 81 acres which is recorded in the name of the municipality at page 92 of volume 11 of Caguas, property No. 562, entry No. 1, the proper document for recording the right is not the record of the said proceedings but an easily obtainable title, or a certificate issued by the secretary of said municipality containing the ordinance or resolution of the municipal council approved by the mayor showing the express consent granting the use or usufruct of the lot for the erection of the house thereon, with the restrictions or conditions imposed by said council or ordinance (articles 2 and 3 of the Mortgage Law, article 51 of its Regulations and Act No. 40 of March 7, 1912, authorizing municipalities to grant the use of lots for the construction of buildings); (2) even if the municipal council assented to the use or usufruct of the lot, as this forms a part of the main property which is recorded in the name of the municipality, the conclusive and absolute provision of article 20 of the Mortgage Law and the chain of legal title to the real property require that the lot be segregated therefrom and previously recorded in the name of the municipality as an independent property in order to transfer the use and usufruct thereof to the owner of the house, Luisa Ramírez de Isern, especially as the house as well as the lot

are two principal properties for the purposes of the Mortgage Law and require a separate record in the name of each owner."

Not agreeing with the decision of the registrar, Luisa Ramírez de Isern took the present administrative appeal.

In our opinion the decision appealed from should be affirmed. The question is not new to the court. On June 7, 1910, it was held in the case of *Hernández* v. *The Registrar of Property*, 16 P. R. R. 440, that "the judgment of a district court declaring that two houses belonging to the petitioner and situated on lots owned by the municipality is not recordable, because the soil being the principal property and the buildings situated thereon only appurtenances, the houses cannot be admitted to record unless the lots have been previously recorded." And on February 4, 1913, the doctrine of the Hernández case was applied in an appeal from a decision of the same Registrar of Caguas, *Solá* v. *Registrar*, 19 P. R. R. 56. In this latter case the registrar refused to record the possession of two houses situated on lots owned by the municipality of Caguas in the name of Cirilo Solá, because the lots were not recorded in the name of the municipality. Solá alleged that the lots were recorded. The registrar was requested to report and stated that it was true that there was a property of 81 acres of land recorded in the name of the municipality of Caguas, but that he was not sure that the lots formed part of it. Thereupon this court, in view of the jurisprudence laid down in the Hernández case, *supra*, affirmed the decision appealed from.

In the case now before us no doubt appears to exist that the lot on which the house is built is a part of the property of 81 acres recorded in the name of the municipality. But that is not enough. According to our system of recording titles to property, when a lot is segregated from the main property this lot becomes an independent property and as such is recorded separately in the registry. And this should be done in the present case. The ownership of the lot should be recorded as an independent title in the name of the munic-

ipality of Caguas and then the usufruct of the same and the house built thereon should be recorded in the name of Luisa Ramírez de Isern.

For the foregoing reasons the decision appealed from is

*Affirmed.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.